UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHRYN M. BANKS,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24 CV 175 RWS |
| | ) |
| LELAND DUDEK[2], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Christopher Wayne Banks brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying his application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision will be affirmed.

## **Background**

Banks protectively filed Title II and Title XVI applications for disability and disability insurance benefits on April 26, 2021. Tr. 199–206. Banks alleged that his

---

[1] Plaintiff Christopher Wayne Banks became deceased on August 16, 2024. *See* ECF No. 13-1. As a result, Plaintiff's motion to substitute party, ECF No. 13, will be granted and Banks's mother, Kathryn M. Banks, will be substituted for Christopher Wayne Banks as the plaintiff in this suit. *See* 20 C.F.R. § 404.503(b)(6).

[2] Leland Dudek became the Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek will be substituted for Kilolo Kijakazi as the defendant in this suit.

disability was due to diabetes, feet swelling, trouble walking, and gout in both feet. Tr. 229.

Banks's application was denied at the initial claims level. Tr. 108–17. Upon reconsideration, Banks's application was denied again. Tr. 119–26. Banks then filed a request for a hearing before an administrative law judge ("ALJ"), Tr. 127–28, which was held on April 29, 2022. Tr. 31–66. On April 12, 2023, the ALJ issued an unfavorable decision finding that Banks had the severe impairments of obesity, diabetes mellitus; bilateral peripheral neuropathy; bilateral hands dupuytren's contracture, status post reattachment of the small finger on the left hand, dysfunction of the left knee, disorder of cervical and lumbar spine; status post fracture of the left collar bone, sciatic nerve and hypertension, but that he did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17–25. As a result, the ALJ concluded that Banks was not disabled within the meaning of the Social Security Act at any time from the alleged onset date though the date of decision. Tr. 25. On June 28, 2023, the Appeals Council denied Banks's request for review. Tr. 1–3. As a result, the ALJ's decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

Banks filed this action on February 1, 2024, seeking judicial review of the Commissioner's final decision. Banks argues that the Commissioner's decision

should be reversed because the ALJ's RFC determination is not supported by substantial evidence.

## **Legal Standard**

To be eligible for disability benefits under the Social Security Act, a claimant must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment" that can be expected to result in death or which has lasted or can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). A claimant will be declared disabled only if her impairment or combination of impairments is of such severity that she is unable to engage in her previous work and—considering her age, education, and work experience—she is unable to engage in any other kind of substantial gainful work in the national economy. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner engages in a five-step evaluation process: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether the claimant

3

has the RFC to perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520. The burden of proof rests with a claimant through the first four steps but shifts to the Commissioner at step five. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009).

When reviewing a denial of disability benefits, my role is limited to determining whether the Commissioner's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *Id.* Substantial evidence refers to less than a preponderance but enough for a reasonable person to find it adequate to support the Commissioner's decision. *Id.* I must affirm the Commissioner's decision if, "after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

## **ALJ Decision**

The ALJ denied Banks disability benefits after finding that he was not disabled within the meaning of the Social Security Act at any time from the date of his alleged onset of disability of April 26, 2021 through April 12, 2023, the date of the decision. Tr. 25. At step one, the ALJ found that Banks had not engaged in substantial gainful activity since March 31, 2020. Tr. 20. At step two, the ALJ

4

found that Banks had the following severe impairments: obesity, diabetes mellitus; bilateral peripheral neuropathy; bilateral hands dupuytren's contracture, status post reattachment of the small finger on the left hand, dysfunction of the left knee, disorder of cervical and lumbar spine; status post fracture of the left collar bone, sciatic nerve and hypertension. *Id.* The ALJ also found the following non-severe impairments: gastroesophageal reflux disease, gout, and dysfunction of the left ankle. *Id.* At step three, the ALJ found that Banks did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* At step four, the ALJ found that Banks had the RFC to perform lgith work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with several limitations. Tr. 21–23. Based on RFC, the ALJ found that Banks was not capable of performing past relevant work, but that there are jobs that exist in significant numbers in the national economy that he could perform. Tr. 24–25. As a result, the ALJ concluded that he was not under a disability at any point during the relevant period. Tr. 25.

### **Medical Records and Other Evidence Before the ALJ**

With respect to the medical records and other evidence of record, I adopt Banks's recitation of facts, ECF No. 10-1, to the extent they are admitted by the Commissioner, ECF No. 11-1, as well as the additional facts submitted by the

5

Commissioner, ECF No. 11-2, as they are not contested by Banks. Additional facts will be discussed as necessary to address the parties' arguments.

## Discussion

Banks argues that the Commissioner's decision should be reversed because the ALJ's RFC determination is not supported by substantial evidence. A claimant's RFC is the most the claimant can do despite his limitations, and an ALJ must assess it based on all relevant evidence in the claimant's case record. 20 C.F.R. § 404.1545(a)(1). Relevant evidence includes "'medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013)). Because a claimant's RFC is a medical question, an ALJ's RFC determination "'must be supported by some medical evidence of the claimant's ability to function in the workplace.'" *Id.* (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)).

In this case, the ALJ found that Banks had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967((b), but with several limitations. Tr. 21–23. The ALJ assessed the following limitations:

> [T]he individual can never climb ladders, ropes, and scaffolds. The individual can occasionally climb ramps and stairs. The individual can occasionally stoop, crouch, kneel and crawl. The individual can handle objects (that is gross manipulation frequently with the bilateral upper extremities). The individual can finger (that is fine manipulation of items no smaller than the size of a paper clip) frequently with the

>  bilateral upper extremities.  The individual can feel frequently with the bilateral upper extremities.  The individual can reach frequently up to the heigh of the bilateral shoulders, but above the height of the bilateral shoulders, the individual can reach overhead occasionally with the bilateral upper extremities.  The individual can have no exposure to unshielded moving mechanical parts.  No exposure to unprotected heights.  Occasional exposure to extreme, cold humidity, and vibrations.

Tr. 21.  Banks argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly consider Banks's subjective complaints.

I find that the ALJ did not improperly discount Banks's subjective complaints. When evaluating evidence of pain or other symptoms, an ALJ is never free to ignore a claimant's subjective complaints. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984).  An ALJ may discount a claimant's subjective complaints, however, if "they are inconsistent with the evidence as a whole." *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015).  In discounting a claimant's subjective complaints, an ALJ must consider all of the evidence and make an express determination, detailing her reasons for discounting the claimant's complaints, identifying inconsistencies between the claimant's complaints and the evidence in the record, and discussing the relevant factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).

The relevant factors include: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) any precipitating and aggravating

7

factors; (4) the dosage, effectiveness, and side effects of medication; (5) the claimant's functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence supporting the claimant's complaints. *Id.* at 1065–66; *see also* 20 C.F.R. § 404.1529(c). While an ALJ must consider these factors, she need not discuss how each factor supports her determination. *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007). If an ALJ "explicitly discredits" a claimant's complaints and "gives a good reason for doing so," a court should defer to her determination. *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007).

In this case, the ALJ determined that Banks's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but that his "statements concerning the intensity, persistence and limiting effects" of his symptoms were not "entirely consistent with the medical evidence and other evidence in the record." Tr. 23. Although the ALJ did not discuss every relevant factor in making this determination, he identified the relevant factors and stated that he considered all of Banks's symptoms based on the requirements of 20 C.F.R. § 404.1529 and Social Security Rule 16-3p, Tr. 21, and it is clear that he considered several factors and used numerous facts in evaluating Banks's complaints.

For instance, the ALJ considered inconsistencies between Banks's subjective complaints and his reported daily activities. Tr. 23. In particular, the ALJ noted that Banks reported the ability to cook for himself, spend much of the day on the

8

computer, mow his grass with a rideable mower, bathe, dress himself in a sitting position, drive a car, and shop in stores. *Id.* These daily activities undercut Banks's reported limitations. *See Ross v. O'Malley*, 92 F.4th 775, 780 (8th Cir. 2024) (finding that the ability to "drive short distances, shop[] in stores once a month, fish[] from the bank of a pond, and . . . operat[e] a riding mower" supported the ALJ's decision); *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (noting claimant's ability to "perform some cooking, take care of his dogs, use a computer, drive with a neck brace, and shop for groceries with … an electric cart"); *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2010) (stating "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain"). As a result, the ALJ's determination that Banks's reported daily activities were inconsistent with his subjective complaints is supported by substantial evidence.

The ALJ also considered the lack of objective medical evidence supporting Banks's subjective complaints. Tr. 16; *see also* 20 C.F.R. § 404.1529(c)(2) (stating objective medical evidence is useful in making reasonable conclusions about the intensity and persistence of a claimant's symptoms); *Halverson v. Astrue*, 600 F.3d 922, 931–32 (8th Cir. 2010) (stating an ALJ may not discount a claimant's subjective complaints "solely because they are unsupported by objective medical evidence" but may consider "the absence of objective medical evidence to support the

9

complaints"). For example, the ALJ noted medical records "benign" hypertension, "[in]significant strength, range of motion, or radicular sympology," "only rudimentary treatment for his spinal impairment," and "normal" reflexes and coordination. Tr. 22–23. These

In determining Banks's RFC, the ALJ related Banks's work limitations to the medical evidence and his reported symptoms. Tr. 21–23. The ALJ found that Banks could perform light work consistent with the objective medical findings. *Id.* In addition, the ALJ included additional overhead reaching and lifting limitations. Tr. 23.

Banks argues that the ALJ's conclusions as to his reported symptoms are not supported by substantial evidence because the ALJ provided only a "boilerplate" explanation that Banks's subjective complaints were not consistent with the record. However, the ALJ duly considered Banks's subjective complaints alongside the objective medical evidence and provided specific and well-supported reasons for his findings.

In light of these considerations and supporting facts, I find that the ALJ did not improperly discount Banks's subjective complaints. The ALJ explicitly found that Banks's complaints were not entirely consistent with the medical and other evidence in the record, he identified good reasons for discounting the complaints, and his determination is supported by substantial evidence in the record as a whole.

10

I will therefore defer to the ALJ's determination. *See Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) ("We will not substitute our opinion for that of the ALJ, who is in a better position to assess credibility.").

## Conclusion

"A claimant bears the burden of establishing his RFC." *Swink v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019). While Banks may believe that the evidence in his case record should have been assessed differently, it is not my role to reweigh evidence considered by an ALJ. *See Hensley*, 829 F.3d at 934. The ALJ's decision demonstrates that he evaluated all the medical and other evidence in Banks's case record and adequately explained his reasons for the weight given to the evidence. Because the ALJ's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to substitute party [13] is **GRANTED** and Kathryn M. Banks will be substituted as the plaintiff in this action.

**IT IS FURTHER ORDERED** that the decision of the Commissioner will be **AFFIRMED**, and Plaintiff's complaint will be **DISMISSED** with prejudice.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 24th day of March 2025.